SOPHIE SILBERSCHEIN, Plaintiff, *v.* MANHATTAN LIFE INSURANCE Co., Defendant.

City Court of the City of New York, Trial Term, New York County, February 19, 1946.

*Alfred L. Weiss* for plaintiff.

*Philip J. Ross* for defendant.

RIVERS, J. Defendant here, by the terms of the insurance policy on which suit was brought, is required to pay an additional $2,500 upon due proof that the death of the insured occurred as the result of bodily injury caused directly, exclusively and independently of any other causes, by external, violent and purely accidental means evidenced by a visible contusion or wound on the exterior of the body provided, however, that death shall not have resulted, among other things, from " self-destruction, or any attempt thereat, whether sane or insane; from participating in or attempting to commit an assault or felony; from homicide, intentional or unintentional, or any attempt thereat * * *." The plaintiff's case (her pleadings and evidence) proceeds on the theory that the insured's death was brought about by a shot fired into him by another under circumstances as would constitute the crime of murder.

The question which is determinative of this lawsuit is whether the words in the policy " from homicide, intentional or unintentional ", include murder. The plaintiff contends that in view of the fact that the two previous clauses in this exclusionary proviso numbered (4) contemplate the insured's participation in the occurrences bringing about his death, either by encompassing the act of destruction personally and by his own hand, or by taking part in or attempting to commit an assault or felony, that, therefore, accepted rules of construction require that the word " homicide ", which is in the third clause of that fourth proviso, must be construed so as to confine it to those instances where the deceased is an active participant in bringing about the wound which causes his death. Plaintiff concedes that under his theory if the insured meets his death by virtue of the conduct of a person who is defending himself against aggression by the insured, that is, where the killing of the insured constitutes justifiable homicide, liability for double

indemnity under the policy would not arise. On the other hand, the plaintiff contends that in instances of excusable homicide, that is, where death ensues by accident or misfortune and is the result of another person " doing any * * * lawful act, by lawful means, with ordinary caution, and without any unlawful intent " payment of double indemnity must nevertheless be made under the policy though the case be one which our law defines as homicide. However, decision of the instant case does not involve answering definitely the question whether the policy excepts from double indemnity instances of excusable homicide since death did not occur in that fashion here. Even assuming that the policy does not make excusable homicide a ground for denying payment of double indemnity, it is not possible to take the next step and say that therefore the policy does not exclude from its double indemnity provisions the most extreme form of intentional homicide, namely murder. It does seem to me that an interpretation construing the words in the policy " homicide, intentional or unintentional," as meaning only " justifiable homicide ", does too much violence to those words.

As a result, therefore, of the view which the court takes in respect to those factors in this case, the defendant must recover.

As the defense counsel did not waive findings of fact and conclusions of law, the same will be submitted in accordance with this opinion and it is directed that judgment thereafter be entered accordingly in favor of the defendant.